## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL NO. 1:06CR160 LG |
| | § | CIVIL NO. 1:07CV1156 LG |
| MARVIN RODRIGUEZ-TURCIOS | § | |

**MEMORANDUM OPINION AND ORDER DENYING DEFENDANT'S
MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY
A PERSON IN FEDERAL CUSTODY PURSUANT TO 28 U.S.C. § 2255**

BEFORE THE COURT is the supplemented Motion of the Defendant, Marvin Rodriguez-Turcios, to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody pursuant to Title 28, United States Code, Section 2255. Defendant seeks to set aside his June 15, 2007, Judgment of Conviction and subsequent sentence for violation of 8 U.S.C. § 1326(b)(2). After consideration of Defendant's Motion, the Government's response, the pleadings and record on file, and the relevant legal authority, the Court finds that the Motion should be denied.

DISCUSSION

On the advice of counsel and pursuant to a written plea agreement, Defendant pled guilty to a charge of illegal re-entry into the United States after having been previously deported following an aggravated felony. He was sentenced to 46 months of imprisonment, to be followed by two years of supervised release. In this § 2255 Motion, Defendant presents three grounds for relief from his sentence:

> 1) His counsel, John Weber, was ineffective because a) Defendant instructed counsel to submit "Motions on Downward Departures," but counsel did not; b) counsel met with him only twice and did not adequately advise him about the plea agreement or his right to allocution at sentencing;
>
> 2) The Court committed a sentencing error by including a period of supervised release;

      3) The term of supervised release was a "second punishment" forbidden by the double jeopardy clause of the United States Constitution.

<u>Defendant's Waiver of Post-Conviction Remedies</u>:

      A defendant may, as part of a valid plea agreement, waive his statutory right to appeal his conviction on direct appeal and under 28 U.S.C. § 2255, if the waiver is knowing and voluntary. *United States v. Wilkes,* 20 F.3d 651 (5th Cir. 1994); *United States v. Melancon,* 972 F.2d 566 (5th Cir. 1992). The plea agreement will be upheld where the record clearly shows the defendant read and understood it and that he raised no question regarding any waiver-of-appeal issue. *United States v. Portillo,* 18 F.3d 290 (5th Cir. 1994).

      In this case, Defendant signed the plea agreement confirming that he had read the plea agreement or had it read to him, had it explained to him by his attorney, understood it and voluntarily agreed to and accepted it. Ct. R. 19-2 p. 6. Paragraph 12(b) of the written plea agreement provides:

>       <u>Waivers</u>. Defendant, knowing and understanding all of the matters aforesaid, including the maximum possible penalty that could be imposed, and being advised of his rights to remain silent, to trial by jury, to subpoena witnesses on his own behalf, to confront the witnesses against him, and to appeal the conviction and sentence, in exchange for the recommendations and concessions made by the U.S. Attorney's Office in this plea agreement hereby expressly waives the above rights and the following:
>
>       . . . .
>
>       b.    the right to contest the conviction and sentence or the manner in which the sentence was imposed in any post-conviction proceeding, including but not limited to a motion brought under Title 28, United States Code, Section 2255.
> . . .

Ct. R. 19-2 p. 6. Furthermore, the transcript of the plea hearing, conducted March 16, 2007, establishes that Defendant understood the terms of the plea agreement:

| | |
|---|---|
| The Court: | Mr. Weber, let me ask you this.  Did you go over the plea agreement with Mr. Rodriguez? |
| Mr. Weber: | I have, Your Honor. |
| The Court: | Did -- did you use a court interpreter for that purpose? |
| Mr. Weber: | No, Your Honor.  Mr. Rodriguez can speak English very well. |
| The Court: | Okay. Mr. Rodriguez, do you need the services of the court interpreter or do you speak English well? |
| Defendant: | (In English.) I speak English, but I prefer to make sure I understand right what is being said. |
| The Court: | I want to be sure that you understood your plea agreement.  Because it sounds as though you speak pretty good English.  Were you able to understand Mr. Weber when he explained the plea agreement with you? |
| Defendant: | Yes. |
| The Court: | Did you have any difficulty at all in understanding the portions of the terms of his plea agreement? |
| Defendant: | Some words. |
| The Court: | Mr. Weber, would you like to take some time to go over the plea agreement again in the event that there are some words in this plea agreement that Mr. Rodriguez did not understand so that there's no question in the future? |
| Defendant: | |
| Interpreter: | He said he understands. |
| The Court: | Let's be sure because it is important.  This is a written plea agreement and it is a binding contract between you and the prosecution as to how this case will be handled.  Do you understand that? |
| Defendant: | Yes. |
| The Court: | Did you understand all of the terms and all of the conditions of |

-3-

| | |
|---|---|
| | your plea agreement? |
| Defendant: | Yes. |
| The Court: | Do you want to take any more time and I'll be willing to give you a little more time if you wish to go over this plea agreement with your lawyer and a court interpreter at the same time.  Do you need [to] do that? |
| Defendant: | No. |
| The Court: | Mr. Rodriguez, as we proceed even though it appears you speak fairly good English, we're going to use the services of the court interpreter.  If you have any questions as we go along you be sure and ask me.  Do you understand? |
| Defendant: | Yes. |

. . . .

| | |
|---|---|
| The Court: | Were you provided with a copy of the charge, that is the indictment, and did you have an opportunity to go over the charge in the indictment and your case in general with your lawyer, Mr. Weber? |
| Defendant: | Yes. |
| The Court: | Are you fully satisfied with the counsel, the representation and advice that Mr. Weber has given you in this case? |
| Defendant: | Yes. |
| The Court: | Were you able to understand him when he discussed with you your case and the evidence that was going to be presented against you? |
| Defendant: | Yes. |
| The Court: | Do you have any objections or any complaints about the manner in which Mr. Weber has handled your case? |
| Defendant: | No. |

. . . .

| | |
|---|---|
| The Court: | Do you also understand that under some circumstances, either you or the government would have the right to appeal the sentence |

|              |                                                                                                                                                                                                                 |
|--------------|-----------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------|
|              | which is imposed in this case, but as part of your plea agreement that you've entered into with the government, you have agreed to give up the right to appeal the sentence for any reason whatsoever or to contest the sentence in any post-conviction proceeding?  Is that correct? |
| Defendant:   | Yes, Your Honor.                                                                                                                                                                                                |
| The Court:   | Now, that is an important aspect of your plea agreement. Have you fully counseled with your attorney about your willingness to waive or to give up the right to appeal the sentence or to contest it in a post-conviction proceeding? |
| Defendant:   | Yes, Your Honor.                                                                                                                                                                                                |
| The Court:   | All right. Mr. Weber, did you counsel closely with Mr. Rodriguez in regards to that aspect of his plea agreement?                                                                                               |
| Mr. Weber:   | Yes, Your Honor.                                                                                                                                                                                                |
| The Court:   | All right. Was that also done without the services of the Court interpreter?                                                                                                                                    |
| Mr. Weber:   | It was.                                                                                                                                                                                                         |
| The Court:   | Are you satisfied that he was able to understand those waivers?                                                                                                                                                 |
| Mr. Weber:   | Yes, Your Honor.  We've met on many occasions at the jail and discussed the charges and some of the other aspects regarding his reentry into the states.                                                        |
| The Court:   | All right. Are you satisfied that his specific waivers of the right to appeal sentence or to contest it in a post-conviction proceeding are voluntary?                                                          |
| Mr. Weber:   | Yes, Your Honor.                                                                                                                                                                                                |

On this record, there can be no question that Defendant's waiver of his right to file an appeal or a § 2255 motion was both knowing and voluntary.  Accordingly, Defendant's waiver of his right to file a motion pursuant to Section 2255 must be upheld, and the motion denied.

<u>Alternative Findings:</u>

Even if Defendant had not waived his right to file a § 2255 motion, the Court has reviewed the grounds for relief presented and concludes they would not entitle Defendant to relief.  There are four separate grounds upon which a federal prisoner may move to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255: (1) The sentence was imposed in violation of the constitution or laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence exceeds the statutory maximum sentence; and (4) the sentence is "otherwise subject to collateral attack." 28 U.S.C. § 2255; *see United States v. Cates,* 952 F.2d 149, 151 (5th Cir. 1992).  "Challenging a conviction and sentence with a section 2255 motion is 'fundamentally different from a direct appeal.'" *United States v. Samuels,* 59 F.3d 526, 528 (5th Cir. 1995) (quoting *United States v. Drobny,* 955 F. 2d 990, 994 (5th Cir. 1992)).  "After conviction and exhaustion or waiver of any right to appeal, 'we are entitled to presume that [the defendant] stands fairly and finally convicted.'" *United States v. Shaid,* 937 F.2d 228, 231-32 (5th Cir. 1991).  "Thus, on collateral attack, a defendant is limited to alleging errors of a 'constitutional or jurisdictional magnitude.'" *Samuels,* 59 F.3d at 528 (quoting *Shaid,* 937 F.2d at 232).  Relief under § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and, if condoned, would result in a complete miscarriage of justice.  *United States v. Vaughn,* 955 F.2d 367, 368 (5th Cir. 1992). Nonconstitutional claims that could have been raised on direct appeal may not be asserted in a 28 U.S.C. § 2255 proceeding.  *Id.*

*Effect of Guilty Plea*

A voluntary guilty plea waives all nonjurisdictional defects in the proceedings against the

defendant. "This includes all claims of ineffective assistance of counsel, except insofar as the alleged ineffectiveness relates to the voluntariness of the giving of the guilty plea[.]" *Smith v. Estelle,* 711 F.2d 677, 682 (5th Cir. 1983) (internal and concluding citations omitted). To prevail on an ineffective assistance of counsel claim, the movant must show that his counsel's performance was deficient and that the deficiency prejudiced his defense. *Strickland v. Washington,* 466 U.S. 668, 687, 694 (1984). In the context of a guilty plea, a defendant must show "that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart,* 474 U.S. 52, 59 (1985). The court must determine that the plea represents "a voluntary choice among the alternative courses of actions open to the defendant." *Id.* 474 U.S. at 56. Additionally, the Supreme Court has determined that "the representations of the defendant . . . [at a plea proceeding] as well as any findings made by the judge accepting the plea constitute a formidable barrier in any subsequent collateral proceedings. Solemn declarations in open court carry a strong presumption of verity." *Blackledge v. Allison,* 431 U.S. 63, 73-74 (1977). "If a defendant understands the charges against him, understands the consequences of his guilty plea, and voluntarily chooses to plead guilty, without being coerced to do so, the guilty plea . . . will be upheld on federal review." *Stano v. Dugger,* 921 F.2d 1125, 1141 (11th Cir.) (en banc), *cert. denied,* 502 U.S. 835 (1991).

During the plea hearing, Defendant acknowledged his understanding of the charge against him and indicated he wished to plead guilty:

> The Court:   Now, you are charged with a violation of Title 8 of the United States Code, Section 1326(a)(2). It is alleged in the indictment that on or about November 22nd of 2006 and within this judicial district, that yourself, being an alien, and a citizen of Honduras, and having been convicted in

|   |   |
|---|---|
|   | 1999 in the Circuit Court of the Eleventh Judicial District of Dade County, Florida, of robbery using a deadly weapon and who, having been arrested and deported from the United States, was found back in the United States without having first obtained the permission or the consent of the United States Attorney General to reenter. Is this the offense to which you wish to plead guilty? |
| Defendant: | Yes. |
| The Court: | Do you understand, Mr. Rodriguez, that if you were to plead not guilty, you would be entitled to a trial and the government would be required to prove all of those elements beyond a reasonable doubt before you could be convicted? |
| Defendant: | Yes. |

Defendant has failed to allege or demonstrate that but for counsel's alleged errors he would not have pled guilty. His complaints regarding counsel's failure to request a downward departure, present mitigating evidence, or advise him about the importance of allocution are related to his sentencing and do not implicate the voluntariness of his guilty plea. Therefore, these complaints are not cognizable under § 2255 and should be dismissed.

*Double Jeopardy*

Finally, Defendant cannot show that his term of supervised release constitutes additional punishment in violation of the Double Jeopardy Clause. Because supervised release following imprisonment is part of the original sentence, this claim is without merit and should be dismissed. *See United States v. Evans,* 159 F.3d 908, 913 (4th Cir. 1998) ("A term of supervised release, the revocation of that term, and any additional term of imprisonment imposed for violating the terms of the supervised release are all part of the original sentence.") (citation omitted).

CONCLUSION

For the reasons stated above, the Court finds that the Motion of the Defendant, Marvin Rodriguez-Turcios to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody pursuant to 28 U.S.C. § 2255 [18], filed October 24, 2007, should be denied.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the Motion of the Defendant, Marvin Rodriguez-Turcios to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody pursuant to 28 U.S.C. § 2255 [18], filed October 24, 2007, is **DENIED.**

**SO ORDERED AND ADJUDGED** this the 31st day of January, 2008.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE